UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CHRISTOPHER MARTEL, DONNA MAJOR and LYN BATES,<br><br>       Plaintiffs,<br><br>v.<br><br>MAURA HEALEY, in her Official Capacity as Attorney General of the Commonwealth of Massachusetts,<br><br>       Defendant. | C.A. No. |

## COMPLAINT

This is an action for declaratory and injunctive relief brought pursuant to 42 U.S.C. §1983 to vindicate Plaintiffs' rights under the Second and Fourteenth Amendments to the United States Constitution.

## PARTIES

1. Plaintiff Christopher Martel ("Martel") resides in Middlesex County, Massachusetts.

2. Plaintiff Donna Major ("Major") resides in Suffolk County, Massachusetts.

3. Plaintiff Madeleine (Lyn) Bates ("Bates") resides in Middlesex County, Massachusetts.

4. Defendant Maura Healey ("Healey") is sued solely in her official capacity as Attorney General of the Commonwealth of Massachusetts. The Attorney General is the chief legal officer of the Commonwealth and is charged with enforcing the laws of Massachusetts.

## JURISDICTION AND VENUE

5. This is an action arising under the Second and Fourteenth Amendments to the United States Constitution. Jurisdiction is vested in this Court pursuant to 28 U.S.C. §§1331 and 1343.

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

## BACKGROUND

7. Massachusetts General Laws Chapter 140 Section 131J ("Section 131J") prohibits the sale and possession of electrical weapons. Specifically, it provides in part, "No person shall possess a portable device or weapon from which an electrical current, impulse, wave or beam may be directed, which current, impulse, wave or beam is designed to incapacitate temporarily, injure or kill." The only exceptions provided for possession of such devices are for certain law enforcement officers and weapons suppliers. Section 131J also prohibits the sale of such devices to anyone other than law enforcement agencies.

8. The penalty for violation of Section 131J is a fine ranging from $500 to $1000, imprisonment from six months to two and one half years, or both.

9. Section 131J is actively enforced, and criminal prosecutions for its violation are pursued.

10. Plaintiff Martel is a Sales Engineer for LG Electronics. His job requires him to travel nationwide, and his work is often done after hours. He transports and installs video displays and other electronics worth tens of thousands of dollars, often in downtown areas and sometimes in dangerous neighborhoods. Martel believes that in this type of situation a stun gun is preferable to lethal force. Although Martel has a Massachusetts Class A License to Carry, it is not legal for him to carry a firearm in many of the states in which he travels, and he cannot bring pepper spray on an airplane. Martel wishes to purchase and possess a Taser, stun gun, or other

similar electrical weapon to use for lawful self-defense purposes in the Commonwealth of Massachusetts.

11. Martel reasonably fears arrest, criminal prosecution, incarceration, and fines if he purchases or possesses an electrical weapon in the Commonwealth of Massachusetts.

12. Plaintiff Major works the evening shift as a MRI Technologist at Brigham and Women's Hospital. Her commute to work requires a half hour drive after 10:00 p.m. through difficult areas. Major has a moral aversion to taking human life and cannot contemplate the circumstances under which she would use a firearm even in self-defense. If Massachusetts law permitted her to carry a stun gun, she would do so for purposes of self-protection while traveling between home and work. Major wishes to purchase and possess a Taser, stun gun, or other similar electrical weapon to use for lawful self-defense purposes in the Commonwealth of Massachusetts.

13. Major reasonably fears arrest, criminal prosecution, incarceration, and fines if she purchases or possesses an electrical weapon in the Commonwealth of Massachusetts.

14. Plaintiff Bates is a retired computer scientist/applied mathematician with a long interest in the use of firearms by women for purposes of self-protection. She is a founding member and Vice President of AWARE (Arming Women Against Rape and Endangerment), which is an organization that educates primarily women about issues of self-protection. She has written numerous articles on the subject. She holds a concealed carry permit, but would like to have the option of using a Taser or stun gun in situations where deadly force might not be justified or necessary, such as a mentally ill or impaired attacker. Bates wishes to purchase and possess a Taser, stun gun, or other similar electrical weapon to use for lawful self-defense purposes in the Commonwealth of Massachusetts.

15. Bates reasonably fears arrest, criminal prosecution, incarceration, and fines if she purchases or possesses an electrical weapon in the Commonwealth of Massachusetts.

**CLAIM FOR RELIEF—ELECTRICAL WEAPONS BAN**
**(Violation of U.S. Const. Amends. II and XIV, 42 U.S.C. §1983)**

16. The Second Amendment protects the people's right to keep and bear arms, and is incorporated against the states and their political subdivisions pursuant to the Due Process Clause of the Fourteenth Amendment.

17. Because Tasers, stun guns, and other electrical weapons are "arms," their possession by law-abiding adult citizens is protected by the Second Amendment right to keep and bear arms.

18. Section 131J prohibits the right to keep and bear electrical weapons, including Tasers and stun guns, it infringes upon the right of individuals, including Plaintiffs, to keep and bear arms as guaranteed by the Second and Fourteenth Amendments to the United States Constitution.

19. By enforcing Section 131J and banning electrical weapons, including Tasers and stun guns, Defendant currently maintains and actively enforces a set of laws, customs, practices, and policies under color of state law which deprive individuals, including Plaintiffs, of their right to keep and bear arms, in violation of the Second and Fourteenth Amendments to the United States Constitution.  Plaintiffs are therefore injured, and will continue to be injured in the absence of judicial relief, in violation of 42 U.S.C. §1983.  Plaintiffs are entitled to declaratory relief and permanent injunctive relief against continued enforcement of Section 131J and maintenance of Defendant's unconstitutional customs, policies, and practices.

## **DEMAND FOR JUDGMENT**

WHEREFORE Plaintiffs request this Court enter judgment in their favor and against Defendant as follows:

1. A declaratory judgment, pursuant to 28 U.S.C. §2201, that Section 131J violates the United States Constitution and laws of the United States, specifically, the Second and Fourteenth Amendments and 42 U.S.C. §1983;

2. An order permanently enjoining Defendant, her officers, agents, servants, employees, and all persons in active concert or participation with them, from enforcing Section 131J, and any custom, policy, or practice of prosecuting individuals for sale, possession, or lawful use of an electrical weapon;

3. Attorneys' fees and costs pursuant to 42 U.S.C. §1988, 28 U.S.C. §1920, and any other appropriate authority; and

4. Any other further relief as the Court deems just and appropriate.

Respectfully submitted,

CHRISTOPHER MARTEL, DONNA MAJOR and LYN BATES,

By their attorneys,

/s/ Gregory D. Cote
Gregory D. Cote, BBO# 553926
gcote@mccarter.com
McCarter & English, LLP
265 Franklin Street
Boston, MA 02110
617-449-6500 – o
617-326-3098 – f

Of Counsel:

Michael E. Rosman*
rosman@cir-usa.org
Michelle A. Scott*
scott@cir-usa.org
CENTER FOR INDIVIDUAL RIGHTS
1100 Connecticut Ave., N.W., Suite 625
Washington, D.C. 20036
202-833-8400 – o
202-833-8410 – f

February 16, 2017                                *admission pro hac vice pending